UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――x

RACHELLE LAGUERRE,

                     Plaintiff,

  -against-

GRENADIER REALTY CORP.,

                     Defendant.

**DECISION AND ORDER**
14-CV-4904 (WFK)

―――――――――――――――――――――――――――x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Rachelle Laguerre brings the instant *pro se* Complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, the Complaint is dismissed and Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

## BACKGROUND

Plaintiff submits an employment discrimination form Complaint in which she brings claims for termination of employment and retaliation against her former employer, Grenadier Realty Corporation. Dkt. 1 ("Compl.") at 3. Plaintiff checks off race on the form Complaint to indicate the basis of her alleged discrimination, but provides no additional description. *Id.* Plaintiff states that she was never properly trained by her former employer, which resulted in her making "lots of error in my daily performance." *Id.* at 4. She was later terminated from her position. *Id.* at 3-4.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

1

understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. New York City Transit Auth*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Twombly*, 550 U.S. at 555 (holding that Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although Plaintiff seeks to bring a Title VII claim, she fails to plead factual allegations sufficient to support a claim for relief. To establish a Title VII employment discrimination claim based on race, a plaintiff must demonstrate that "(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008)). Even under the most liberal interpretation of Plaintiff's allegations, she has not presented any facts that connect her termination to her membership in a protected class. *See also Cabey v. ATRIA Senior Living*, 13-CV-3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014) (Matsumoto, J.) (dismissing employment discrimination claim because *pro se* plaintiff did not link adverse employment action taken against him to his protected class status). Without such a basic connection, and without any other facts that may lead to the reasonable inference of racial discrimination, Plaintiff's Complaint fails to state a claim on which relief may be granted. *See Mohawk v. William Floyd Sch. Dist.*, 13-CV-2518, 2014 WL 838162 (E.D.N.Y. Mar. 3, 2014) (Seybert, J.) (dismissing Title VII employment discrimination claim because plaintiff failed to raise any facts besides his own subjective belief that termination was racially motivated).

## CONCLUSION

Because Plaintiff fails to plead facts sufficient to state a claim on which relief may be granted, the Complaint is DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, she is granted thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (vacating dismissal of action to allow *pro se* plaintiff chance to amend complaint). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that Plaintiff's employer discriminated against her in violation of Title VII. If available, Plaintiff should attach a copy of the charge of discrimination she filed with the EEOC or the New York State Division of Human Rights.

Plaintiff is advised that the amended complaint will completely replace the original Complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. The Clerk of Court is directed to forward an employment discrimination form complaint to Plaintiff with this Order. If Plaintiff fails to file an amended complaint or the amended complaint does not comply with this Order, a judgment shall enter dismissing this action. 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 21, 2014
Brooklyn, New York

4